# COMPLAINT
### (for non-prisoner filers without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN



U.S. District Court
Wisconsin Eastern
FEB 2 0 2020
FILED
Stephen C. Dries, Clerk

U.S. District Court
Wisconsin Eastern
FEB 2 1 2020
FILED
Stephen C. Dries, Clerk

(Full name of plaintiff(s))

Walter R. J. Wise

v.

(Full name of defendant(s))

Miller Electric Manufacturing

Case Number:

20-C-291

(to be supplied by Clerk of Court)

## A.  PARTIES

1.  Plaintiff is a citizen of Wisconsin and resides at
    (State)

809 W. Kimberly Ave

(Address)

(If more than one plaintiff is filing, use another piece of paper.)

2.  Defendant Miller Electric Manufacturing

(Name)

is (if a person or private corporation) a citizen of **Wisconsin**

(State, if known)

and (if a person) resides at _____

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for _____

(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.     STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1.     Who violated your rights;
2.     What each defendant did;
3.     When they did it;
4.     Where it happened; and
5.     Why they did it, if you know.

**Please See Attached Wise v Miller**

20 - C - 291

## Attached Wise v Miller MFG

I was hired by Miller in about August of 2013, having provided them full disclosure of my disability in my resume, having been retrained in the State DVR program to be an Electronic Technician.

Miller put me on the assembly line which involved reaching and bending but no heavy lifting. The pay for this job was $1 an hour lower than the job I had applied for so not necessarily the same job.

About my second day of employment I told Miller that the job was harder than I expected and it was aggravating my injury.

Miller, at some point, told me they could not verify that I had been employed by one previous employer on my resume, which seemed suspicious, but I proved it by providing an SS-8 form.

Miller asked me to see their doctor and sign a release form for my previous medical history, but it was agreed that I could substitute an old form describing my injuries and disability. I did so.

Miller subsequently said the form did not say the injuries were permanent, and it was again requested that I sign a release form and go to their doctor, but it was again agreed that I could give them another old form that said the injuries were permanent. I did so.

Miller again did not accept the information I had provided in good faith because it was "too old" despite the injuries clearly having been stated as 'permanent'.

Miller again demanded the release form and that I go to their doctor and sent me home. The release form was a moot point if the information was 'too old' but they still demanded it. That bothered me.

I was yelled at even bellowed at by Carrie Sturn on two occasions in this same time period above, one of those occasions being as I approached her office having been summoned there to get sent home.

Miller also knew during this time that I had filed a complaint with the State ERD, so there could clearly be an element of retaliation if they fired me, as the state agent had mentioned at the time.

Miller sent me home with the documents but not before they had kept me on that assembly line for 9-1/2 days, at least 7 of which were after they knew it had been aggravating my injury.

I had found a smaller chair, so everything was getting better, but they still sent me home so of course they did prevent me from using the remedy to my discomfort and disability, which also well may have prevented most of the following:

Miller had a person whom was purported to be their 'contracted nurse' contact me to try to demand that I sign said release form, but she admitted that which forms I had already provided instead should suffice to prove disability. She knew I had given Miller these forms. Miller must have given them to her, another possible violation of my privacy rights perpetrated by Miller regarding my disability.

She still tried to make me sign a medical release form and I refused.

This Nurse, Michelle Skoglund, all this while, had been looking at my medical records without any release in place, and continued to do so for weeks or a month, despite my never having signed the release. This was not known until 2015 but this behavior certainly matters in this case.

Miller maintained that they still wanted me as an employee, but I did not feel they did having been harassed and yelled at and doubted. I was right. I got my employee file when litigation with the State began, and during at least part of the time they demanded the medical release and doctor they never intended to keep me as an employee. They were just fishing for my information and/or trying to get me to quit. Other reasons arise but may be proven as time goes on.

I wrote a letter to Miller telling them I would not work for them until they respected my disabilities and apologized for Carrie Sturn yelling at me. No mention of any of this ever ensued. Only more demands.

Miller - in my employee record - clearly shows they considered me some kind of threat seemingly as a result of the above letter, and it had been decreed that I was not to be in the buildings, even mentioning possible police action in that same time period. All this was during the times they had continually purported to me that I needed to see their doctor to continue to be employed. You don't employ threats, perceived or invented.

Some of the above may constitute slanderous or libelous activity involving my hopes to not be yelled at, etc. This may be discrimination in itself, as the truth unfolds.

My employee record lists most or all discussions about my disability or medical subjects as 'disciplinary' – not even a negotiation or discussion. Meanwhile Carrie Sturn's actions of yelling at employees were subsequently condoned by testimony of Miller employee Amy Vandehey. This is just wrong.

Miller, however, continued to hound me and threaten to 'quit' me if I did not go to their doctor and sign the release form. But they never respected my answer "no" and never quit me. It was a threat, period.

Finally, a lawyer Miller hired had demanded I go to their doctor and/or sign the medical release form which I again refused to do. By then I did not anticipate anything ever being done about my concerns. That is discrimination. Also, the objective was agreed in the communications between their lawyer and Miller that they expected me to say no, so then they could "quit" me, which proves that was their intention all along. Why did they not do so the other 5-6 times is the question here. It was clearly a harassment and/or a coercion to get my medical records and/or make me sign the release.

Miller refused to take 'no' as an answer and repeatedly refused to 'quit' me as threatened no fewer than 5 times or as many as 6 or 7. That is harassment.

## Discussion:

If you say you will 'quit someone' if they don't so something, quit them, don't string it along for 7-9 demands. It is tantamount to sexual harassment in that I had the right to say no, but it was taken away from me many times. And I was yelled at but Miller ignored my concern instead of rectifying it.

## C. JURISDICTION

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331.

### OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $ _____.

## D. RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

I want the court to award me not less than $100,000 for discrimination, Harassment,

and the multiple issues surrounding and ensuing from these behaviors.

I want the court to fine Miller substantially to discourage this behavior in the future

I believe Miller must describe job positions more accurately including requirements

## E.   JURY DEMAND

I want a jury to hear my case.

☑ – YES          ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this __21__ day of __February__ 20_20_.

Respectfully Submitted,

_Walter J Wise_
Signature of Plaintiff

_920 – 475 – 1663_
Plaintiff's Telephone Number

~~walterwise~~ _wallywise @ hotmail.com_
Plaintiff's Email Address

_809 W. Kimberly Ave -_

_Kimberly WI 54136_
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

☐    I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Filing Fee form and have attached it to the complaint.

☑    I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.