UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALTER R. J. WISE,

      Plaintiff,

v.                                                                                                          Case No. 20-C-291

MILLER ELECTRIC MANUFACTURING COMPANY,

      Defendant.

## SCREENING ORDER

On February 21, 2020, Plaintiff Walter R. J. Wise filed this complaint against Defendant Miller Electric Manufacturing Company. District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Polestra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's statements must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Plaintiff alleges that Defendant hired him in August 2013 and that he provided Defendant with full disclosure of his disability. He claims Defendant put him on an assembly line which involved reaching and bending. On his second day of employment, Plaintiff told Defendant that the job was more difficult than he expected and that it was aggravating his injury. Defendant requested that Plaintiff see its doctor and sign a release form so that Defendant could obtain Plaintiff's medical history. Plaintiff and Defendant ultimately agreed that Plaintiff could submit an old form describing his injuries and disability, and Plaintiff submitted that form. Defendant subsequently advised Plaintiff that the form did not indicate that his injuries were permanent and requested that Plaintiff sign a release form and go to the doctor. Again, Plaintiff and Defendant agreed that Plaintiff could submit a different form indicating that the injuries were permanent, and Plaintiff submitted that form. Plaintiff claims Defendant did not accept that information because it was "too old" and directed Plaintiff to sign the release form and go to the doctor. Plaintiff alleges Carrie Sturn yelled at him on two occasions and that Defendant subsequently sent Plaintiff home. Plaintiff wrote a letter to Defendant indicating that he would not work for the company until it respected his disabilities and apologized for Carrie Sturn's behavior. Defendant threatened to fire Plaintiff if he did not go to its doctor and sign the release form. Plaintiff asserts that, although Defendant never accepted his refusal, it never terminated him.

Plaintiff asserts that Defendant harassed and discriminated against him by requiring that he submit a release form to substantiate his claims of disability. He also claims that Defendant retaliated against him after he filed a complaint with Wisconsin ERD. In order to state a claim for disability discrimination under the Americans with Disabilities Act (ADA), a plaintiff must allege that he is disabled within the meaning of the ADA, he is qualified to perform the essential functions of the job, and he suffered from an adverse employment action because of his disability. *Hoppe v. Lewis Univ.*, 692 F.3d 833, 839 (7th Cir. 2012) (citation omitted). To state a claim for retaliation under the ADA, "a plaintiff must allege: 1) a statutorily protected activity; 2) an adverse employment action; and 3) a causal link between the protected activity and the employer's action." *Mounts v. United Parcel Service of Am., Inc.*, No. 09 C 1637, 2009 WL 2778004, at *4 (N.D. Ill. Aug. 31, 2009) (citing *McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997)). In this case, although Plaintiff claims that he has a disability and that his work aggravated his injuries, he does not allege what that disability is. In addition, while Plaintiff claims Defendant threatened to fire him if he did not sign the release form or see its doctor, Plaintiff does not allege that he suffered an adverse employment action because of his disability. Accordingly, Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff also asserts claims of slander and libel based on Sturn yelling at him. "Whether based on slander or libel, a defamation claim has these elements: the statement must be false, must be communicated by speech, conduct, or in writing to a person other than the person defamed; and the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter [a] third person from associating with him or her." *Teff v. Unity Health Plans Ins. Corp.*, 2003 WI App 115, ¶ 40 n.6, 265 Wis. 2d 703, 666 N.W.2d 38 (citing *Mach v. Allison*, 2003 WI App 11 ¶ 12, 259 Wis. 2d 686, 656 N.W.2d 766).

Plaintiff's complaint contains no allegations to satisfy these elements.  Accordingly, he has failed to state claims of libel and slander.

Based upon the foregoing, the complaint will be dismissed.  Plaintiff will be given 21 days to file an Amended Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and sets forth a short, plain statement of the claims showing that he is entitled to relief.  Plaintiff is advised that the Amended Complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  The Amended Complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).  It should also include a demand for the relief sought.  Absent the filing of an Amended Complaint within 21 days, the action will be dismissed and judgment will be entered.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of February, 2020.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court